JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Logan Dowd

**DEFENDANTS**

Superior Plus Energy Services Inc.

**(b)** County of Residence of First Listed Plaintiff   Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Monroe, NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Christopher Manno, Joshua Ganz- Duffy North
104 N. York Road, Hatboro, PA 19040; 215 675 7300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §2601 et seq. (FMLA); 42 U.S.C §12101 et seq. (ADA)

Brief description of cause:
Employment Discrimination under the ADA& Retaliation under ADA & FMLA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE
07/16/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Christopher Manno

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Logan Dowd | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Superior Plus Energy Services, Inc. | : | NO.  26-4973 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                       (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                              (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                               (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| | | |
|---|---|---|
| 7/17/2026 | Christopher Manno, Esq. | Plaintiff Logan Dowd |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 675 7300 | | cmanno@duffynorth.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: ___Montgomery County, Pennsylvania_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LOGAN DOWD | : | CIVIL ACTION |
| 542 Wyandotte Street, | : | |
| Bethlehem, PA 18015 | : | |
| Plaintiff, | : | NO:  26-4973 |
| v. | : | |
| SUPERIOR PLUS ENERGY SERVICES | : | |
| INC. | : | |
| 1870 S. Winton Road, Suite 200 | : | |
| Rochester, NY 14618 | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Logan Dowd, by and through his undersigned counsel, through this

Complaint hereby alleges against Defendant Superior Plus Energy Services Inc. the following:

**INTRODUCTION**

1.      This action for declaratory, injunctive, monetary and other appropriate relief is

brought by Plaintiff to redress violations by the Defendant of rights secured to the Plaintiff by the

laws of the United States of America.

2.      This action arises under the Family and Medical Leave Act of 1993, 29 U.S.C.

§2601 et seq. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., as

amended by the ADA Amendments Act of 2008 ("ADAA"), and the Pennsylvania Human

Relations Act, as amended, 43 P.S. § 951 ("PHRA"). The claims are brought by Plaintiff to redress

arbitrary, improper, unlawful, willful, deliberate and intentional discrimination based on his leave.

**JURISDICTION AND VENUE**

3.      The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331, ADAA,

and FMLA which provides original jurisdiction of Plaintiff's claims arising under the laws of the

1

United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.      Supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act.

5.      The venue of this Court is invoked pursuant to Title 28 U.S.C. §1391(c). The events complained of herein occurred exclusively in Montgomery County, Pennsylvania.

## PARTIES

6.      Plaintiff, Logan Dowd, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 542 Wyandotte Street, Bethlehem, PA 18015.

7.      Defendant Superior Plus Energy Services Inc. is a corporation headquartered at 1870 S. Winton Road, Suite 200 Rochester, NY 14618.

8.      At the time of Defendant's ADAA, PHRA, and FMLA violations, Plaintiff was employed by Defendant as a technician/CDL Driver.

9.      At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

10.     At all times relevant hereto, Defendant was an employer as defined under the ADAA, PHRA, and FMLA and is subject to the provisions of each act.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.     On December 13, 2024 Plaintiff timely filed a complaint against Defendant with the Equal Employment Opportunity Commission alleging a wrongful termination based upon his actual or perceived disability.

12.     On June 3rd, 2026 the Equal Employment Opportunity Commission sent Plaintiff a Notice of Rights letter permitting Plaintiff to file an action against Defendant.

13.     This action is being commenced within ninety (90) days of Plaintiff receiving the Notice of Rights letter.

14.     Therefore, Plaintiff has exhausted all administrative prerequisites to bring the foregoing action.

## STATEMENT OF CLAIMS

15.     Plaintiff was employed by the Defendant as a Service technician/CDL Driver from 2015 until his termination on July 25, 2024.

16.     At the time of Plaintiff's termination, he was working out of Defendant's location at 640 Gravel Pike, East Greenville, Pennsylvania.

17.     Plaintiff was a full-time employee and consistently worked at least forty (40) hours per week.

18.     In 2008, Plaintiff was diagnosed with depression and a mood disorder.

19.     In 2018, Plaintiff requested and received 3 weeks of leave from his employment with Defendant because of mental health issues he was experiencing related to his depression and mood disorder.

20.     After returning from his leave, Plaintiff was able to thrive as an employee for Defendant, despite his disability. Specifically, Plaintiff consistently received quarterly safety incentives during his employment.

21.     In July 2024, Plaintiff's depression worsened.

22.     Plaintiff was able to complete his entire shift on Friday, July 19, 2024, but was struggling with suicidal ideation.

23. As was customary during his employment, Plaintiff retained his work vehicle over the weekend following his shift on July 19, 2024.

24. On Sunday July 21, 2024, amidst intense suicidal ideation and with immediate plans to commit suicide, Plaintiff returned the work vehicle and safely parked it at the front of Defendant's facility located at 640 Gravel Pike, East Greenville, Pennsylvania.

25. During this mental health crisis, Plaintiff did not show up for his scheduled shift on Monday, July 22, 2024.

26. After Plaintiff failed to arrive for his shift, and upon the discovery of Plaintiff's work vehicle, Plaintiff's supervisor, Jeremy Dugan, contacted Plaintiff's wife, Jennifer, as she was his emergency contact.

27. During the initial call between Mr. Dugan and Jennifer, Jennifer explained that Plaintiff was having a mental health crisis and that she did not know where he was.

28. The following day on July 23, 2024, Mr. Dugan contacted Jennifer again to let her know that he discovered Plaintiff's belongings, and an envelope addressed to Jennifer inside of Plaintiff's work vehicle.

29. During this call, Jennifer again reiterated that Plaintiff was having mental health issues and was concerned about his safety.

30. Jennifer told Mr. Dugan that she would be going to the local police station to report Plaintiff missing.

31. While at the police station, Jennifer received a phone call from Mr. Dugan informing her that Plaintiff was seen wandering around East Greenville, Pennsylvania, and seemed disoriented.

4

32.     Ultimately, the local police were able to locate Plaintiff and after a conversation with his family, Plaintiff agreed to mental health hospitalization.

33.     Shortly thereafter on July 23, 2024, Jennifer contacted Mr. Dugan and requested that Plaintiff be allowed to use accrued leave that he had earned or leave under the Family Medical Leave Act while he received the treatment he needed, which is a request for a reasonable accommodation under the Americans with Disabilities Act, as amended.

34.     Jennifer did not receive a response so she continued to text Mr. Dugan and a call between them was set up for July 24, 2024.

35.     After not receiving a call on July 24, Jennifer left a voicemail for Mr. Dugan and continued to follow up each day until she finally spoke with him on Friday, July 26 at around 4:30pm.

36.     During that call, Mr. Dugan informed Jennifer that Plaintiff had been terminated due to leaving his work vehicle at Defendant's facility overnight.

37.     This issue was not previously addressed and only brought up after an accommodation request was made.

38.     Plaintiff therefore avers that Defendant discriminated against him on the basis of his disability (mood disorder & depression) and retaliated against him for requesting an accommodation and/or leave under FMLA

39.     Plaintiff was an exemplary employee and was terminated after a severe mental health crisis in which Defendant was fully aware of.

40.     Plaintiff's wife requested that Defendant be able to use accrued leave or leave under the Family Medical Leave Act but did not receive a response.

41. Instead, Plaintiff was fired from his job despite Defendant's awareness of Plaintiff's severe mental health issues.

## COUNT I- ADAA DISCRIMINATION

42. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as if fully set forth at length herein.

43. The ADAA makes it unlawful for a qualified employer to terminate or otherwise discriminate against an employee for an actual or perceived disability. 42 U.S.C. § 12101 et seq.

44. Plaintiff's mood disorder & depression is a disability as defined under the ADAA. 42 U.S.C. § 12101 et seq.

45. Defendant was aware of Plaintiff's disability.

46. On July 24, 2024, Plaintiff suffered complications related to his mood disorder and depression.

47. Defendant was put on notice that Plaintiff was suffering from a mental health crisis.

48. Following complications related to Plaintiff's disability, Plaintiff was informed he was terminated.

49. Plaintiff therefore believes and avers that he was discriminated against and ultimately terminated from his position due to his disability and/or Plaintiff's request for accommodation.

50. The Defendant's actions as aforesaid were intentional, willful and in reckless disregard of the Plaintiff's rights and interests under the ADA.

51. As a direct result of Defendant's willful and unlawful actions in violation of ADA, Plaintiff has suffered emotional distress and mental anguish as well as a loss of earnings plus the value of benefits, back pay and front pay.

6

## COUNT II- RETALIATION UNDER THE ADAA

52.    Plaintiff incorporates by reference paragraphs 1 through 51 of this Complaint as if fully set forth at length herein.

53.    The ADAA prohibits employers from taking adverse action and retaliating against employees for engaging in a protected activity including requesting a reasonable accommodation. 42 U.S.C § 12101 et seq.

54.    On July 23, 2024, Plaintiff's wife, Jennifer, contacted Mr. Dugan and requested a reasonable accommodation for Plaintiff after he suffered a severe mental health crisis.

55.    Three days after the request, Mr. Dugan informed Jennifer that Plaintiff had been terminated due to leaving his work vehicle at Defendant's overnight facility.

56.    Based on Defendant's unwillingness to accommodate Plaintiff, Plaintiff avers that he was retaliated against and ultimately terminated for engaging in a protected activity in requesting an accommodation.

57.    The Defendant's actions as aforesaid were intentional, willful, and in reckless disregard of the Plaintiff's rights and interests under the ADAA.

58.    As a direct result of Defendant's willful and unlawful actions in violation of ADAA, Plaintiff has suffered emotional distress and mental anguish as well as a loss of earnings plus the value of benefits, back pay, and front pay.

## COUNT III-FMLA VIOLATIONS

59.    Plaintiff incorporates by reference paragraphs 1 through 58 of this Complaint as if fully set forth at length herein.

7

60.     FMLA makes it unlawful for a covered employer to "interfere with, restrain or deny the exercise of or the attempt to exercise, any right provided" in the FMLA by a covered employee. The Family and Medical Leave Act of 1993, 29 U.S.C. § 2615(a)(1).

61.     FMLA also makes it unlawful for a covered employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" the FMLA. The Family and Medical Leave Act of 1993, 29 U.S.C. § 2615(a)(2).

62.     The Defendant is covered employer within the meaning of FMLA in that they employ 50 or more employees.

63.     Plaintiff requested leave under FMLA due to his mental health crisis but was terminated.

64.     Plaintiff is a covered employee within the meaning of FMLA in that he was employed by the Defendant for at least 12 months prior to his discharge and he worked at least 1,250 hours during that 12-month period.

65.     The Defendant discriminated and retaliated against Plaintiff as a result of his FMLA leave.

66.     The actions of the Defendant through its agents, servants and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment by terminating the Plaintiff's employment because of his FMLA leave constitutes a blatant violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et sq. ("FMLA").

67.     The Defendant's actions as aforesaid were intentional, willful and in reckless disregard of the Plaintiff's rights and interests under FMLA.

8

68. As a direct result of Defendant's willful and unlawful actions in violation of FMLA, Plaintiff has suffered emotional distress and mental anguish as well as a loss of earnings plus the value of benefits, back pay and front pay.

## COUNT IV-PHRA DISCRIMINATION

69. Plaintiff incorporates by reference paragraphs 1 through 68 of this complaint as if fully set forth at length herein.

70. Under the PHRA, employers cannot discriminate against an employee based upon their disability. 43 P.S. §951-963.

71. Plaintiff's mood disorder & depression is a disability as defined under the PHRA. 43 P.S. §951-963.

72. Defendant was aware of Plaintiff's disability.

73. On July 24, 2024, Plaintiff suffered complications related to his mood disorder and depression.

74. Defendant was put on notice that Plaintiff was suffering from a mental health crisis.

75. Plaintiff believes and therefore avers he was discriminated against on the basis of his disability.

76. The Defendant's actions as aforesaid were intentional, willful and in reckless disregard of the Plaintiff's rights and interests under the PHRA.

77. As a direct result of Defendant's willful and unlawful actions in violation of PHRA, Plaintiff has suffered emotional distress and mental anguish as well as a loss of earnings plus the value of benefits, back pay and front pay.

9

## COUNT V- RETALIATION UNDER THE PHRA

78.    Plaintiff incorporates by reference paragraphs 1 through 77 of this complaint as if fully set forth at length herein

79.    Under the PHRA, employers cannot retaliate against an employee for engaging in a protected activity including requesting a reasonable accommodation for a disability. 43 P.S. §951-963.

80.    On July 23, 2024, Plaintiff's wife, Jennifer, contacted Mr. Dugan and requested a reasonable accommodation for Plaintiff after he suffered a severe mental health crisis.

81.    Three days after the request, Mr. Dugan informed Jennifer that Plaintiff had been terminated due to leaving his work vehicle at Defendant's overnight facility.

82.    Based on Defendant's unwillingness to accommodate Plaintiff, Plaintiff avers that he was retaliated against and ultimately terminated for engaging in a protected activity in requesting an accommodation.

83.    The Defendant's actions as aforesaid were intentional, willful, and in reckless disregard of the Plaintiff's rights and interests under the PHRA.

84.    As a direct result of Defendant's willful and unlawful actions in violation of PHRA, Plaintiff has suffered emotional distress and mental anguish as well as a loss of earnings plus the value of benefits, back pay, and front pay.

    **WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

    (a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

10

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, loss of employment and other non-pecuniary losses as allowable.

(c) Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law:

(d) The Court award such other relief as is deemed just and proper.

Plaintiff demands trial by jury.

DUFFY NORTH

By:＿＿＿＿＿＿ /s/ Joshua S. Ganz＿＿＿＿＿＿
Joshua S. Ganz, Esquire
I.D.# 85838
Christopher Manno, Esquire
Attorney I.D. # 326192
104 N. York Road
Hatboro, PA 19040
(215)675-7300
Attorneys for Plaintiff

11